UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
NEW YORK CITY & VICINITY DISTRICT            :
COUNCIL OF CARPENTERS,                        :              21 Civ. 3058 (LGS)
                                                             :
                              Petitioner,     :
                                                             :              **<u>OPINION AND ORDER</u>**
                -against-                     :
                                                             :
EMPIRE STATE REALTY TRUST,                    :
                                                             :
                              Respondent.     :
                                                             :
------------------------------------------------------------ X

 LORNA G. SCHOFIELD, District Judge:

On July 31, 2020, Petitioner New York City & Vicinity District Council of Carpenters (the "Union") initiated an arbitration proceeding against Respondent Empire State Realty Trust claiming that Respondent violated the collective bargaining agreement on two counts. On January 11, 2021, Arbitrator Richard Adelman (the "Arbitrator") issued an Opinion and Award finding fully in favor of the Union on the first issue and partially in favor of the Union on the second issue (the "Initial Award"). On March 3, 2021, in response to the Union's request to vacate the award on the second issue, the Arbitrator issued a Supplemental Opinion and Award affirming the Initial Award on the second issue (the "Supplemental Award"). The Union seeks to confirm in part and vacate or modify in part the Initial Award and vacate in whole the Supplemental Award (the "Petition"), pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Respondent cross-petitions to confirm the Initial Award and the Supplemental Award (the "Cross-Petition"). For the following reasons, the Petition is granted in part and denied in part, and the Cross-Petition is granted in full. In other words, both the Initial Award and Supplemental Award are confirmed in full.

I.      **BACKGROUND**

### A. Collective Bargaining Agreement

At issue is the collective bargaining agreement ("CBA") covering the carpenter-employees represented by the Union (the "Bargaining Unit") at Respondent's Empire State Building.  The CBA was negotiated between the Realty Advisory Board on Labor Relations ("RAB") and the Building Construction Trades Council ("BCTC"), representing Respondent and the Union, respectively.  The CBA consists of the 2016 R.A.B. – Craft Agreement (the "Master Agreement") and the 2016 Craft Agreement Assent (the "Assent") and the 2018 and 2019 Riders to the 2016 R.A.B. Craft Agreement Rider (the "Riders").  The Master Agreement is a multi-employer, multi-union agreement that covers terms for various trades, including Carpenters, Electricians, Plumbers, and Painters.

Employees typically sign onto the Master Agreement by separately filing an assent and, if necessary, a rider, both of which are referenced by the Master Agreement.  Article I of the Master Agreement states: "[the] Union is recognized as the exclusive collective bargaining representative of the employees set forth on the Assent filed hereto."  Article II, which sets the wages and benefit increases for "skilled mechanics" and "helpers" in various trades, states:

> "All rates contained in this Article apply only to those employees who are covered by the Building Service 32 BJ Health and Pension Funds and DO NOT apply to those employees who are covered under individual Local benefit funds. Rates of pay and benefit contribution rates for such employees are covered in a separate rider to this Agreement and vary depending on the Local."

Here, the members of the Bargaining Unit are covered under the individual local benefit funds, and therefore, the Riders provide the relevant terms.

The Assent and Riders at issue list and set wages for three positions in the Bargaining Unit: Chief Carpenter (also referred to as Foreperson), Carpenter Journeyman (also referred to as Carpenter Mechanic), and Locksmith.  The Assents and Riders for the Bargaining Unit do not

mention any "carpenter helper" positions.  Other assents and riders submitted by the Union, such as those for painters and electricians, specifically designate a helper position.

### B. Arbitration

On March 30, 2020, at the outset of the COVID-19 pandemic, Respondent furloughed all three members of the Bargaining Unit:  Barry Pollack, Isak Ago, and Mohamed Metwaly.  On July 10, 2020, Respondent terminated Pollack and Ago, leaving Metwaly furloughed but still employed as the only remaining member of the Bargaining Unit.  The Union opposed the termination, arguing that the reduction of the Bargaining Unit to one person was unreasonable and that certain carpentry work occasionally required at least two people.  On July 30, 2020, the Union filed a demand for arbitration.  In the arbitration proceeding, the Union additionally argued that non-carpentry unit workers were handling carpentry work while the carpentry unit members were furloughed in violation of the CBA.  On September 8, 2020, while the Arbitration was pending, Metwaly was reinstated.

On January 11, 2021, the Arbitrator issued the Initial Award finding that Respondent had a right to reduce the workforce but that a second worker was required for safety purposes.  The Initial Award contained two orders.  First, Respondent was ordered to cease having non-unit employees perform unit work and to pay one carpenter journeyperson for work between July 15, 2020, and September 7, 2020.  Second, Respondent was ordered to hire a second person, "at the helper rate if it so chooses," and to pay one unspecified person at the carpenter helper rate for work from September 8, 2020, until the second person was hired.

The Union objected.  The Union contended that allowing the Respondent to hire an employee as a carpenter helper was contrary to the CBA.  On March 3, 2021, the Arbitrator issued the Supplemental Award.  The Supplemental Award elaborated on the Arbitrator's

3

reasoning behind the Initial Award and affirmed the Initial Award's order directing Respondent to hire a second person, at the helper rate if Respondent so chooses.  The Supplemental Award also ordered that the second person's wage and the benefits rate be negotiated.

On April 8, 2021, the Union filed the Petition seeking to confirm in part and vacate in part the Arbitrator's award.  The Petition seeks to confirm the portion of the Initial Award finding that more than one carpenter journeyperson must be hired and seeks to vacate the portion of the Initial Award requiring that a carpenter be hired in the helper position.  On May 6, 2021, Respondent filed the Cross-Petition seeking to confirm both the Initial Award and the Supplemental Award.  The Cross-Petition does not dispute the Initial Award's requirement that Respondent hire more than one carpenter journeyperson.

## II.    STANDARD

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards."  *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) (internal citations omitted); *accord Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Manzo*, No. 21 Civ. 504, 2021 WL 3082291, at *2 (S.D.N.Y. July 20, 2021).

Although a summary judgment standard is applied to a petition to confirm, a federal court's review of labor arbitration awards is "narrowly circumscribed and highly deferential."  *ABM Indus. Grps., L.L.C. v. Int'l Union of Operating Eng'rs, Loc. 30, 30A, 30B, AFL-CIO*, 968 F.3d 158, 161 (2d Cir. 2020) (quoting *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016)).  A federal court is "not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or

4

misinterprets the parties' agreement, but inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Nat'l Football League Mgmt. Council*, 820 F.3d at 536; *accord Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Eclipse Construction Services Inc.*, No. 21 Civ. 7868, 2021 WL 5567752, at *3 (S.D.N.Y. Nov. 26, 2021). "It is the arbitrator's construction of the contract and assessment of the facts that are dispositive, however good, bad, or ugly." *Nat'l Football League Mgmt. Council*, 820 F.3d at 536 (internal quotation marks omitted). The Award should be confirmed as long as it "draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice." *Id.* at 537 (internal quotation marks omitted); *accord Manzo,* 2021 WL 3082291, at *2.

## III.    DISCUSSION

As both the Petition and the Cross-Petition seek to confirm the portion of the Initial Award requiring Respondent to hire more than one carpenter journeyperson, only the portion of the Initial Award regarding the carpenter helper position and the Supplemental Award are discussed. The Initial Award and Supplemental Award are confirmed, including specifically those portions permitting Respondent to hire a carpenter helper for the second position and requiring the parties to negotiate the second person's wages and benefits.

The Union contends that the Arbitrator "exceeded his authority" and dispensed "his own brand of industrial justice" in ordering that the Employer may hire a "carpenter helper." Specifically, the Union argues that the "carpenter helper" position was never negotiated and is not part of the Assents or the Riders. Article I of the Master Agreement states: "the Union is recognized as the exclusive collective bargaining representative of the employees set forth on the

Assent filed hereto."  The "helper" position for various trades is mentioned only in the Master

Agreement, and without incorporation in the Assents and Riders.  The Union thus argues that the

carpenter helper position never became part of the CBA for the Bargaining Unit.

The Union relies on the language in Article II for further proof that the employment of a

"carpenter helper" is not allowed in the Bargaining Unit.  Article II, which mentions the "helper"

position, states that "[a]ll rates contained in this Article apply only to those employees who are

covered by the Building Service 32BJ Health and Pension Funds and DO NOT apply to those

covered under individual local benefit funds."  The Union contends that the Union, having its

own individual local benefit funds, is not covered by Article II, and that this further proves that

employment of carpenter helpers was never a possible outcome of the CBA.

The Union's arguments fail to overcome the high threshold required to vacate an

arbitrator's award.  The Arbitrator's Initial Award and the Supplemental Award requiring a

carpenter helper position are supported by the language of the Master Agreement.  The

Arbitrator found that, while the Master Agreement does not bind the parties to employ carpenter

helpers without a separate Assent or Rider, it also does not "prevent [Respondent] from hiring a

person as a helper."  The Arbitrator found further support in Article III of the Master Agreement,

which states, "The Union recognizes the right of management to direct and control the policies of

management subject to the obligations of this Agreement."  Both the Initial Award and the

Supplemental Award requiring the carpenter helper position are confirmed as "the arbitrator's

construction of the contract and assessment of the facts [] are dispositive," *Nat'l Football League*

*Mgmt. Council*, 820 F.3d at 536 (internal quotation marks omitted).

The Arbitrator's Supplemental Award requiring that the parties negotiate, based on the

language of Article II and Article III, was within reason as well.  The Arbitrator did not exceed

his authority or dispense "[his] own brand of industrial justice," *Nat'l Football League Mgmt. Council*, 820 F.3d at 537 (internal quotation marks omitted), by requiring that the parties negotiate.  The part of the Supplemental Award requiring that the parties negotiate is also confirmed.

## IV.    CONCLUSION

For the foregoing reasons, the Petition is granted in part and denied in part, and the Cross-Petition is granted in full.  The Initial Award and the Supplemental Award are both confirmed in full.  The Clerk of Court is respectfully directed to the close the case.

Dated: January 21, 2022
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE